### 9895

### HODGE v. PIEDMONT & N. R. CO.

(95 S. E. 138.)

1. ARREST—DUTY TO EXHIBIT WARRANT.—An arrest by a special constable whose authority is unknown to plaintiff is wrongful when he refuses to exhibit the warrant pursuant to plaintiff's request.

2. FALSE IMPRISONMENT—RAILROADS—PASSENGERS—ARREST.—Defendant railroad *held* liable where its conductor aided a special constable in arresting plaintiff passenger without exhibiting the warrant as demanded by the passenger, who was unaware of the constable's authority.

Before MAULDIN, J., Spartanburg, Spring term, 1917. Affirmed.

Action by Anderson Hodge, for false arrest, against Piedmont and Northern Railway Company. Judgment for plaintiff, and defendant appeals.

*Messrs. Geo. W. Nicholls, John Gary Evans* and *J. G. Galbraith,* for appellant, cite: *As to sufficiency of warrant:* 29 S. C. 180; 81 S. C. 131; 40 S. C. 298. *As to conductor assisting in the arrest:* Code of Laws, sec. 3273; 80 S. C. 332.

*Messrs. Sanders & DePass* and *P. D. Barron,* for respondent, cite: *As to conductor assisting in the arrest:* Vol. I, Code of Laws 1912, sec. 3273; Crim. Code, sec. 672; 64 S. C. 326; vol. I, Code of Laws 1912, sec. 3274; Hutchison on Carriers, vol. II (2d ed.), p. 1132; 9 S. C. 308; 2 Strobh. 74; 70 S. C. 72; 53 S. C. 150; 9 S. C. 317; Hutchison on Carriers, vol. II, p. 1122.

January 29, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The plaintiff claims that while he was a passenger on the defendant's train, a man named Haddon, who claimed to be a constable, came into the car in which the plaintiff was riding and forcibly arrested him; that he demanded the production of the warrant for his arrest, but Haddon refused to produce it; and that the conductor of defendant's car assisted in the arrest, with full knowledge of the demand for and refusal to produce the warrant. The judgment was for the plaintiff and the defendant appealed upon 16 exceptions. The appellant reduced these to the statement of three questions in its argument. There is really only one question of law in this case.

The plaintiff claims that he demanded the production of the warrant. The defendant denies that the demand was

made. That was a question for the jury. The exact amount of participation of the conductor is also in dispute, but that also is a question for the jury.

The question of law is: If the plaintiff did demand the production of the warrant and it was refused, was 1, 2  the arrest unlawful? The answer to that question is: It was.

In Corpus Juris, vol. V, pp. 393, 394, we find:

Sec. 17. *"When Arrest Made by Private Person or One Not Known as Peace Officer.*—An officer not commonly known as such, or one who is acting outside of his proper and well known jurisdiction, must give notice of his authority to the one sought to be arrested, either by showing his warrant when demanded, or at least by giving the substance of the warrant. If he neglects or fails to do so, resistance on the part of the person whom he seeks to arrest will be justified. And this rule is particularly applicable where the arrest is made by one specially deputized for this purpose, whose official character and purpose would not ordinarily be known or recognized."

Mr. Haddon was special constable to make this arrest, and it was his duty to show the warrant. When he refused to show it (if the plaintiff did not know that Mr. Haddon was specially authorized), plaintiff had the right to resist, and should have had the protection of the defendant whose passenger he was. The defendant's conductor assisted in the arrest, if the demand for the production of the warrant was made and refused, as stated. That depended upon a question of fact and was a question for the jury.

The exceptions are overruled and the judgment affirmed.

MESSRS. JUSTICES HYDRICK, WATTS and GAGE concur.

MR. CHIEF JUSTICE GARY dissents.